IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY LEE DEFLUITER,**  CASE NO. 2:06-cv-274
  JUDGE HOLSCHUH
  Petitioner,  MAGISTRATE JUDGE ABEL

  v.

**TIMOTHY BRUNSMAN, Warden,**

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's response, and the exhibits of the parties.

This action involves petitioner's September 12, 2001, guilty pleas in the Franklin County Court of Common Pleas to various charges of theft, tampering with records, securing writings by deception, falsification in a theft offense, passing bad checks, and unlawful transactions in securities. Petitioner never filed any timely appeal.  In May 2004, petitioner filed a motion to withdraw his guilty pleas; in July 2005, he filed a notice of appeal.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as time-barred under 28 U.S.C. §2244(d).

## I.  PROCEDURAL HISTORY

Petitioner was indicted by the September 2000 term of the Franklin County grand jury in Case Number 00CR 11 6940 on passing bad checks, in violation of O.R.C. §2913.11, and theft, in violation of O.R.C. §2913.02;  in Case Number 00CR 12 7327 on two counts of passing bad checks and one count of theft; and in Case Number 00CR 12 7328 on four counts of tampering with records,

in violation of O.R.C. §2913.42, four counts of secure writings by deception, in violation of O.R.C. §2913.43, four counts of falsification in a theft offense, in violation of O.R.C. §2921.13, and theft. Exhibits 1, 2, and 3 to Return of Writ. He was indicted by the January 2001 term of the Franklin County grand jury on seven counts of passing bad checks, six counts of theft, and one count of forgery, in violation of O.R.C. §2913.31. Exhibit 4 to Return of Writ. He was indicted by the May 2001 term of the Franklin County grand jury in Case Number 01CR 07 4010 on one count of theft, in Case Number 01CR 07 4011 on one count of theft and four counts of unlawful transactions in securities, in violation of O.R.C. §2901.12, in Case Number 01CR 07 4012 on two counts of theft, and six counts of unlawful transactions in securities, and in Case Number 01CR 07 4013 on one count of theft and three counts of unlawful transactions in securities. Exhibits 5, 6, 7, and 8 to Return of Writ.

On September 12, 2001, while represented by counsel, petitioner pleaded guilty to fourteen counts of theft, two counts of tampering with records, two counts of securing writings by deception, two counts of falsification in a theft offense, one count of passing bad checks, and four counts of unlawful transactions in securities. Exhibits 9 - 17 to Return of Writ. On December 20, 2001, petitioner was sentenced to an aggregate term of ten years incarceration. Exhibits 17-24 to Return of Writ. Petitioner never filed a timely appeal.

On May 6, 2004, petitioner filed a *pro se* motion to withdraw his guilty pleas in the state trial court. Exhibit 25 to Return of Writ. Apparently such action is still pending. On July 12, 2005, petitioner filed a notice of appeal in all of the cases involving his guilty plea. The state appellate court *sua sponte* dismissed his appeals as untimely. Exhibit 28 to Return of Writ. On September 2, 2005, petitioner filed an appeal of the appellate court's decision to the Ohio Supreme Court. Exhibit

29 to Return of Writ. On December 14, 2005, the Ohio Supreme Court declined jurisdiction to hear the case. Exhibit 30 to Return of Writ.

On April 1, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. Jurisdiction/ineffective assistance of counsel.

2. Denied due process/ineffective assistance of counsel.

3. Immunity

It is the position of the respondent that this action is time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner had 30 days after he was sentenced on December 2, 2001 to file an appeal. When he did not, his convictions became final on January 19, 2002 when his time to file an appeal expired. *See* Ohio Appellate Rule 4(A); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002). The statute of limitations expired one year later, on January 19, 2003. Petitioner failed to execute the instant petition until March 23, 2006; the petition was not filed until April 1, 2006. Additionally, neither petitioner's May 6, 2004, motion to withdraw his guilty pleas, or his July 12, 2005, notice of appeal tolled the or otherwise affected the running of the statute of limitations in this case, since the statute of limitations expired before they were filed. "The tolling provision does not ⋯ 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 642-43 (2003); *Dunlap v. United States*, 250 F.3d 101, 1008 (6th Cir. 2001).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


                                          s/Mark R. Abel
                                          United States Magistrate Judge